UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES G.,

               Plaintiff,

      v.                                           **DECISION AND ORDER**
                                                             20-CV-918S

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
_____

        1.        Plaintiff James G.[1] challenges the determination of an Administrative Law Judge ("ALJ") that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since May 31, 2013, due to a variety of physical and mental conditions. Plaintiff maintains that he is entitled to disability benefits because his impairments render him unable to work.

        2.        This is the second time Plaintiff's case is in federal court. Plaintiff initially applied for disability benefits on September 22, 2014. Both the Commissioner and the ALJ denied Plaintiff's claim, and the Appeals Council subsequently denied review. Plaintiff thereafter appealed to federal district court on February 22, 2018, with the Honorable Jeremiah J. McCarthy remanding the case with specific instructions on September 26, 2019. See Greiner v. Comm'r of Soc. Sec., No. 18-CV-275-JJM, Docket No. 19 (W.D.N.Y. Sept. 26, 2019); R. at 673-684[2].

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

[2] Citations to the underlying administrative record are designated as "R."

3. On remand, ALJ Asad M. Ba-Yunus held a telephonic hearing on May 4, 2020. At the time of the hearing, Plaintiff was 43 years old, with at least a high school education, and had past relevant work at a composite job of "data communications technician" and "communications technician." The ALJ considered the case *de novo* and, on May 14, 2020, issued a written decision again denying Plaintiff's application for benefits. Plaintiff subsequently elected not to file exceptions with the Appeals Council, rendering the ALJ's decision the Commissioner's final decision after remand. See 20 C.F.R. § 404.984 (d).

4. This case now returns to federal court with Plaintiff having filed the current action challenging the Commissioner's final decision on July 19, 2020. After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on April 26, 2021. (Docket Nos. 5, 8, 10, 11.) The Clerk of Court thereafter assigned the case here on October 6, 2021, at which time this Court took the motions under advisement without oral argument. (Docket No. 12.) For the following reasons, Plaintiff's motion will be granted, Defendant's motion will be denied, and this matter will be remanded to the Commissioner for further expedited proceedings.

5. A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted). In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming,

modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405 (g).

6. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. § 405 (g); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990). Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence."). In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

7. As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008)

(citation omitted).  This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."  Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

8. As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).  Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. § 405 (g), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position.  See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)).  This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard."  Brault v. Soc. Sec. Admin.,

4

Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

9. "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'" Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

10. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. § 404.1520. The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

11. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not,

5

>the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work. Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

12. The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The fifth step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423 (d)(2)(A); 20 C.F.R. § 404.1520 (f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

13. In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity between May 31, 2013 (alleged onset date) and September 30, 2017 (date last insured) (R. at 594); (2)

Plaintiff had multiple severe impairments within the meaning of the Act[3] (R. at 594); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 594-97); (4) Plaintiff retained the residual functional capacity ("RFC") through the date last insured to perform light work as defined in 20 C.F.R. § 404.1567 (b), with certain exceptions[4] (R. at 597-609); (5) Plaintiff was unable to perform his past relevant work through the date last insured (R. at 609); and (6) Plaintiff could perform jobs that exist in significant number in the national economy through the date last insured (R. at 610). Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from May 31, 2013, through September 30, 2017.  (R. at 611.)

14.   Plaintiff argues that remand is required because the ALJ failed to properly evaluate the treating opinion of Michael Asbach, P.A., which error was compounded by the ALJ's failure to fully comply with Judge McCarthy's and the Appeal Council's remand orders.  In 2019, Judge McCarthy determined that the ALJ who initially presided over Plaintiff's case erred in developing and weighing the medical-opinion evidence.  (R. at 673-684.)  Judge McCarthy therefore remanded with instructions to (1) develop the record by re-contacting Plaintiff's treating physician, Mark Swetz, M.D., to obtain a further

---

[3] The ALJ found that Plaintiff had the following severe impairments:

> Autoimmune idiopathic hypersomnia (AIH); degenerative changes in the lumbar spine; coronary artery disease; migraine headaches; obesity; generalized anxiety disorder; depressive disorder; obsessive-compulsive disorder; attention deficit hyperactivity disorder (ADHD); and bipolar disorder.

(R. at 594.)

[4] The ALJ found that Plaintiff could perform light work except that he could never climb ladders, ropes, or scaffolds; should avoid all exposure to workplace hazards, including unprotected heights, dangerous machinery, and operation of a motor vehicle for work purposes; and was limited to performing unskilled, simple, routine, and repetitive tasks, requiring little to no judgment, with occasional reminders.  (R. at 597.)

explanation of his opinion that Plaintiff "is medically unable to work full-time due to his chronic fatigue" and to inquire "what work activity [plaintiff] may or may not be capable of performing" (R. 677-79); (2) to further develop the record by re-contacting Kenneth Murray, M.D., Plaintiff's treating neurologist, for a further explanation of his "vague" opinions (R. 679-82); and (3) to weigh the opinions of counselor Gale Chapple (R. at 682-84).

15. On November 19, 2019, the Appeals Council remanded the case to the ALJ for further proceedings consistent with Judge McCarthy's decision. (R. at 688.) Regulations provide that on remand from the Appeals Council, "[t]he [ALJ] shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council remand order." 20 C.F.R. § 404.977 (b). If an ALJ fails to comply with an Appeals Council remand order, the decision is subject to judicial review and can form the basis for a remand to the Commissioner. See 42 U.S.C. § 405 (g).

16. Contrary to Judge McCarthy's instructions and the Appeals Council's remand order, the ALJ failed to secure further opinions or explanations from Drs. Swetz and Murray. Although Plaintiff's counsel advised at the outset of the hearing that the record was complete, see R. at 624-25, the ALJ was cognizant of the remand requirements and made a record of his efforts to comply with them. The ALJ stated that he sent a letter, subpoena, and medical-source statement to Drs. Swetz and Murray and to Counselor Chapple. (R. at 625-26.) He further noted that the only response he received was a set of medical records from Dr. Swetz, which the ALJ found did not clarify Dr. Swetz's opinion and "really didn't accomplish what I was trying to do." (R. at 40.) The

8

ALJ concluded the short discussion of the remand order by stating, "I did make an attempt at least to try and reach out to them and get something more from them . . . And as I mentioned, other than records they didn't respond at all to my request." (R. at 626.) The ALJ similarly noted his efforts in his written opinion. (R. at 602 (noting efforts with Dr. Swetz), 603 (noting efforts with Dr. Murray), 608 (noting efforts with Counselor Chapple)).

17. An "ALJ, unlike a judge in a trial, must [him]self affirmatively develop the record" in light of "the essentially non-adversarial nature of a benefits proceeding." Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996) (citing Echevarria v. Sec'y of HHS, 685 F.2d 751, 755 (2d Cir. 1982)). This duty arises from the Commissioner's regulatory obligations to develop a complete medical record before making a disability determination, 20 C.F.R. § 404.1512(d)-(f), and exists even when, as here, the claimant is represented by counsel. Id. By not obtaining clarifications from Drs. Swetz and Murray[5] as directed, the ALJ failed to comply with the remand orders and his duty to affirmatively develop the record, which constitutes reversible legal error. See Rodriguez o/b/o C.W. v. Comm'r of Soc. Sec., 18-CV-295S, 2019 WL 4783850, at *3-4 (W.D.N.Y. Oct. 1, 2019) (remanding for failure to comply with remand order); Colton v. Berryhill, No. 16-CV-615 (MAT), 2018 WL 3569930, at *3 (W.D.N.Y July 25, 2018) (remanding for failure to comply with the Appeals Council's remand order); Bell v. Colvin, No. 5:15-CV-01160, 2016 WL 7017395, at *8 (N.D.N.Y. Dec. 1, 2016) (finding that failure to comply with Appeals Council's order is reversible legal error).

---

[5] The ALJ was not obligated to re-contact Counselor Chapple, but rather, to consider her opinion that was already in the record. (R. at 683 ("Although Ms. Chapple's opinion appears more favorable to plaintiff than the opinions ALJ Johnson afforded significant weight, that particular opinion was not weighed by ALJ Johnson. This should also be corrected on remand.")).

9

18. This Court recognizes that the ALJ made an initial overture to Drs. Swetz and Murray. Dr. Swetz responded; Dr. Murray did not. In light of Judge McCarthy's determination that clarification of these two opinions was required for proper adjudication of Plaintiff's application for benefits, it was incumbent upon the ALJ to make every effort to reach them. Dr. Swetz was responsive and should have been re-contacted for further clarification. Additional efforts should also have been made to contact Dr. Murray a second time. While the ALJ could certainly have sought counsel's assistance, see Rodriquez, 2019 WL 4783850, at *4 (finding it permissible to elicit counsel's assistance in securing remand records), it was ultimately the ALJ's obligation to reasonably ensure that the clarifications were obtained and considered in compliance with the remand orders, see Hilsdorf v. Comm'r of Soc. Sec., 724 F. Supp. 2d 330, 346 (E.D.N.Y. 2010) (finding that the ALJ's failure to further develop the record upon statement of counsel that the record was complete was error). The ALJ knew that the clarifications required by the remand orders were missing, yet he proceeded to render a decision without them, having made only initial overtures to obtain them and failing to follow up with the treating physician who responded. This is error that once again requires remand.

19. The need to further develop the record is underscored by the ALJ's discounting of the April 27, 2020 opinion of Dr. Asbach on the basis that it was formulated several years after Plaintiff's date last insured.[6] (R. at 608.) Dr. Swetz's and Dr. Murray's opinions—two treating opinions—pertain to the relevant time period and are material.

---

[6] In light of the remand for failure to follow the previous remand instructions, this Court does not reach Plaintiff's arguments concerning the ALJ's consideration of Dr. Asbach's 2020 opinion, which the ALJ and the parties are free to revisit on remand.

10

Consideration of their clarified opinions is thus required to fairly adjudicate Plaintiff's application for benefits.

20. Accordingly, after carefully examining the administrative record, this Court finds cause to remand this case to the Commissioner for further administrative proceedings consistent with this decision.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Commissioner of Social Security is directed to EXPEDITE the re-hearing of this matter given the considerable passage of time since the filing of Plaintiff's initial application for benefits.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:    February 16, 2022
          Buffalo, New York

                                                    s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge